IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN
DISTRICT OF WASHINGTON

In re: Francis D. Koblak and Kathryn A. Koblak,
Debtors.

Case No. 05-43012-PBS
Chapter 7 Case
Judge Paul B. Snyder

Pam Lieske
4925 Parkway Drive
Garfield Hts., OH 44125

Plaintiff

-vs-

Francis D. Koblak
Kathryn. A. Koblak
206 Tilley Avenue
Centralia, WA. 98531

Defendants

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Now comes Plaintiff, Pam Lieske, with her complaint that states as follows:

1. This action arises in the bankruptcy case of Francis D. Koblak and Kathryn A. Koblak under Chapter 7 of the Bankruptcy Code and being Case No. 05-43012-PBS presently pending before this Court.

2. The Plaintiff, Pam Lieske, is a creditor of the Defendants, as the result of a real estate transaction which occurred between the parties on or about May 2002.

3. On or about May 16, 2002, Plaintiff made an offer, and subsequently purchased, from the Defendants, the real property located at 4925 Parkway Drive, Garfield Hts, OH 44125. (A copy of the Offer to Purchase is attached hereto as Exhibit A and incorporated herein by reference).

4. In conjunction with the execution of this purchase, Plaintiff was provided with a Residential Property Disclosure Form, which had been executed by the Defendant, Francis Koblak on January 3, 2002. A copy of this Disclosure Form, hereby called Disclosure Statement, is attached hereto as Exhibit B and incorporated herein by reference.

5. Plaintiff received a copy of the Disclosure Statement prior to purchasing the above mentioned property and relied on the Disclosure Statement and the representations of the Defendants therein regarding the condition of the real property.

6. Essentially, the Disclosure Statement set forth no known defects in the real property other than basement water problems that were resolved once the city sewer was cleaned of roots.

7. In fact, the Disclosure Statement executed by the Defendants and provided to the Plaintiff was not accurate and such inaccuracies were known to the Defendants at the time they caused the Disclosure Statement to be provided to Plaintiff. Specifically, the real property was afflicted with (1) substantial backyard flooding, (2) substantial basement flooding, (3) clogged storm laterals, (4) combined sanitary and storm lines, (5) sewer odors in the basement and garage.

8. The above mentioned defects were not readily observable by the Plaintiff or her home inspector prior the purchase of the real property.

9. The disclosure and representations made by the Defendants to the Plaintiff regarding the condition of the real property were false, and were known by the Defendants to be false at the time they made such representations.

10. The Defendants' false representations regarding the real property were material to the transaction between the Plaintiff and Defendants since the Plaintiff relied on such representations when deciding to purchase the real property.

11. As a result of the Defendants' false representations, the Plaintiff spent more than six months determining the complex nature of the property's longstanding flooding problems. She has paid $5900 in repairs, has an additional $10,900 to pay to finish repairs, has paid $3100 to an attorney to initiate proceedings against the Defendants, has lost hundreds of dollars in personal property, and has paid hundreds more to re-landscape both the front and backyards. In addition, her homeowner's insurance company refused to reinstate her policy; she is now paying more money for a homeowner's insurance policy with substantially less coverage, and she can no longer afford an attorney to pursue this matter further.

12. The damages visited upon the Plaintiff as a result of the Defendants' conduct constitute a debt for money that was obtained by false pretenses, false representation and/or actual fraud. A copy of Plaintiff's previously retained lawyer's initial letter to the Defendants and a copy of the pending legal charges filed against them are attached hereto as Exhibit C and Exhibit D. A copy of Garfield Heights, Ohio maintenance records for the years 1999-2001 for the property at 4925 Parkway Drive is attached hereto as Exhibit E. A copy of a statement made by the Maintenance Manager for the Cuyahoga County Sanitary Engineers Sewer Maintenance Department is attached hereto as Exhibit F. A copy of a statement made by the Plaintiff's contractor attesting to the longstanding drainage and water problems is attached hereto as Exhibit G.

13. Based upon the foregoing, Plaintiff's claims against the Defendants are excluded from the Defendants' discharge pursuant to the provisions of §523 (a) (2) (A) of the Bankruptcy Code.

WHEREFORE, the Plaintiff demands judgment against the Defendants that the claims set forth

herein are excluded from the Defendants' discharge pursuant to the provisions of §523 (a) (2) (A)

of the Bankruptcy Code and for such other and further relief as is just and equitable..

                                  Sincerely,

                                  *Pam Lieske*

                                  Pam Lieske
                                  4925 Parkway Drive
                                  Garfield Hts, OH 44125
                                  (216) 581-7749
                                  plieske@kent.edu

                                  July 6, 2005

Exhibit A

# CENTURY 21 Arrow Realty
4975 Turney Rd., Garfield Hts. Ohio 44125
**OFFER TO PURCHASE**

216-883-2100 office
216-883-2112 fax
1-888-430-SALE

Each Office Independently Owned and Operated

44125

1. **[PURCHASER]** I/We the undersigned **PAMELA LIESKE**
2. **[PROPERTY]** hereby offers and agrees to buy the following described property, which PURCHASER accepts in its PRESENT CONDITION, together with all appurtenant rights, privileges and easements, thereunto belonging subject to all legal highways and including, without limitations, all the land, buildings and fixtures as are now on the property in their present condition, including but not limited to such of the following: all electrical, heating, plumbing, bathroom fixtures, window and door shades; window and door screens; storm windows and doors, shutters; awnings; venetian blinds; curtain, traverse and drape rods; ceiling fans; fireplace tools, screen, glass doors and grate; garage door opener and all controls; wall to wall carpeting; TV antenna; smoke detectors; shrubs, trees and all landscaping. The property is located in **THE CITY OF GARFIELD HTS**, Ohio Zip **44125**

The street and number is **4925 PARKWAY DR** FK-5/18/02 KK 5/18/02 and the Parcel being sold is to include all the land as per the County auditors Map Records.

3. **[PRICE]** for which we agree to pay the sum of $ ~~~~~~~~~ on the following terms \ $ **10%** down, balance to be secured by first mortgage to any available lending institution, at current market interest rates and terms. $ **101,500.00**

"**SEE ADDENDUM TO PURCHASE AGREEMENT**"

4. **[FINANCING]** It is specifically understood and agreed that the purchasers herein, shall apply for a first mortgage loan within **seven (7)** days from the sellers acceptance date of this agreement. Loan commitment to be secured within **20** banking days. If, despite PURCHASERS good faith efforts, a loan commitment cannot be obtained, then this agreement shall be null and void. Upon signing of a mutual release by SELLER and PURCHASER, the earnest money deposit shall be returned to the PURCHASER without any further liability of either party to the other or CENTURY 21 Arrow Realty.
5. **[CLOSING]** All funds and documents necessary for the completion of this transaction shall be placed in escrow with the lending institution or title company on or about **JUNE 27** 20**02** and title shall be transferred on or about **JUNE 28** 20**02**
6. **[TITLE]** SELLER to give good and sufficient deed and title to said cost of a owners fee policy of Title Insurance in the amount of the purchase price showing same to be free of all liens and encumbrances except restrictions of record, zoning ordinances, easements, and rights of ways, if any. Title commitment to be furnished by **GREAT NORTHERN TITLE**. If any defect of title or encroachment is discovered prior to the time of closing and is not waived by PURCHASER, the SELLERS shall be entitled to a reasonable extension of time for closing, but no more than thirty (30) days from the date the SELLER is notified of the defect, for an opportunity to remove such defect.
7. **[POSSESSION]** Possession of vacated premises to be delivered to PURCHASER on or before **5** days after transfer of title. Possession is subject to tenants rights, if any. SELLER shall be entitled to reside on the premises (SELLER'S suite only, if multi-dwelling) rental free, **5** days from the date deed is filed for record. Beginning the **6** day SELLER shall pay $ **30.00** per day rent to purchaser until the **10** day, or actual possession.
8. **[PRORATIONS]** General taxes, special assessments, tenants rents and Homeowner and/or Condominium Association dues and fees if any, are to be prorated from date of title transfer. Taxes shall be prorated according to the latest available tax duplicate. Tenant security deposits if any, shall be credited to the purchaser through escrow. The parties hereto agree to adjust directly any change in taxes resulting from either a change in valuation occurring before title transfer or from existing but unassessed improvements.
9. **[CHARGES]** SELLER shall pay the following costs through escrow: (a) Real Estate Transfer Tax, (b) title exam and one-half the premium for a owners fee policy, (c) any prorations due PURCHASER, (d) one-half of the escrow fee (unless VA/FHA regulations prohibit payment of escrow fees by PURCHASER in which case SELLER shall pay the entire escrow fee), SELLER shall pay directly all utility charges to the date of title transfer or date of possession whichever is later. Escrow agent is authorized by the SELLER to withhold $ **200.00** to secure payment of water and sewer bills. PURCHASER shall secure a new insurance policy. PURCHASER shall pay the following costs through escrow: (a) all recording fees for the deed and any mortgage, (b) one half of the escrow fee, (c) any costs incident to PURCHASER'S financing; and (d) PURCHASER to pay one-half of the premium to obtain an owner's fee policy of title insurance.
10. **[CONDITION OF PROPERTY]** PURCHASERS HEREBY SPECIFICALLY ACKNOWLEDGE AND REPRESENT THAT THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO FULLY AND COMPLETELY EXAMINE THE PROPERTY AND HAVING DONE SO OR BY WAIVING SUCH RIGHT, HEREBY AGREE THAT THE PROPERTY IS BEING PURCHASED IN ITS "AS IS" PRESENT PHYSICAL CONDITION INCLUDING ANY DEFECTS DISCLOSED BY THE SELLER ON THE STATE OF OHIO RESIDENTIAL PROPERTY DISCLOSURE FORM. PURCHASER HAS NOT RELIED UPON ANY REPRESENTATIONS, WARRANTIES OR STATEMENTS ABOUT THE PROPERTY (including but not limited to its condition or use) unless otherwise disclosed on this contract or on the State of Ohio Residential Property Disclosure form. PURCHASER acknowledges that the seller completed the RESIDENTIAL PROPERTY DISCLOSURE FORM and agrees to hold CENTURY 21 Arrow Realty and its agents harmless from any misstatements or errors made by the SELLER on the form. PURCHASER also acknowledges and agrees that CENTURY 21 Arrow Realty and its agents have no obligation to verify or investigate the information provided by the seller on said form. PURCHASER hereby acknowledges that any representation by SELLER or their Real Estate Agent(s) regarding the square footage of the rooms, structures or lot dimensions are approximate and not guaranteed. SELLER shall pay all costs for the repair of any gas and or water line leaks found at the subject property at the time of transfer of utilities. SELLER shall furnish any occupancy permits required by law and deposit same in escrow.
11. **[DAMAGE]** If any building or other improvements are damaged in excess of twenty per cent of the purchase price prior to title transfer, PURCHASER shall have the option (a) to receive the proceeds of any insurance payable in connection therewith or (b) to terminate this agreement and to recover all funds heretofore paid. If damage is less than twenty per cent of the purchase price, seller shall restore the property to its prior condition.
12. **[BINDING CONTRACT]** Upon written acceptance, this offer shall become a LEGALLY BINDING AGREEMENT, BINDING UPON BOTH THE PURCHASER AND SELLER and their respective heirs, assigns, executors and administrators and shall represent the entire understanding of the parties in this transaction. This agreement shall be used as escrow instructions subject to Escrow Agents usual conditions of acceptance.
13. **[DEPOSIT RECEIPT]** SELLER is hereby notified that a $1500.00 promissory note, earnest money will be redeemed and deposited in, CENTURY 21 Arrow Realty's trust account within **5** days of final acceptance of this offer. Deposit to be applied to the purchase price. Notification of deposit to be forwarded to escrow agent.
14. **[ADDENDA]** ( ) OHIO RESIDENTIAL PROPERTY DISCLOSURE; ( ) LEAD BASED PAINT, [( ) HOME INSPECTION [ ]Yes, [ ]Waived], ( ) AGENCY DISCLOSURE; ( ) MISCELLANEOUS ADDENDUM ;[( ) HOME OWNER WARRANTY [ ]Yes Paid by:[ ]Seller [ ]Purchaser, [ ]Waived]

(X) **Pamela Lieske**    5-16-02    1011 Pelton Court #1
PURCHASER           DATE      STREET ADDRESS
                                           (216)
(X) _____    **Cleveland, OH 44113**  **241-7774**
PURCHASER           DATE  CITY              ZIP            PHONE

FLAT RATE SEE BELOW

15. **[ACCEPTANCE]** The undersigned SELLER ACCEPTS the above offer and agrees to all the conditions stated above, and understanding that the commission is negotiable agrees to pay, by irrevocable assignment of escrow funds, a total commission of (~~~~~) ~~~~~~ Percent of the purchase price or a minimum of $3500.00, whichever is greater for its services as Broker, (**50** %) to CENTURY 21 Arrow Realty LLC., 4975 Turney Rd., Garfield Hts., Ohio 44125, and (**50** %) to **REMAX EAST SIDE REALTY** as the sole procuring agents in this transaction. SELLERS REPRESENT THAT THEY ARE AWARE OF NO HIDDEN OR LATENT MATERIAL DEFECTS IN THE PROPERTY EXCEPT THE FOLLOWING (IF NONE WRITE "NONE") ~~Based on _____~~ **KK 5/18/02**
**FLAT RATE OF 5,794.** **FK-5-18-02**

(X) **Francis Koblak**        5/18/02    4925 Parkway Dr
SELLER           DATE      STREET ADDRESS
                                                  216-663-
(X) **Kathryn A. Koblak**   5-18-02   **Garfield Hts. Ohio 44125**  **3533**
SELLER           DATE  CITY             ZIP          PHONE

PURCHASERS HEREBY ACKNOWLEDGE AND ACCEPT THE ABOVE DISCLOSURES AND/OR CHANGES MADE BY THE SELLER.

(X) **Pamela Lieske**   (X) _____    **5-18-02 5pm**
PURCHASER(S)                                   DATE/TIME

**THIS AGREEMENT IS A LEGALLY BINDING CONTRACT. IF YOU HAVE ANY QUESTIONS OF LAW, CONSULT AN ATTORNEY.**



**CENTURY 21 Arrow Realty**
4975 Turney Rd., Garfield Hts. Ohio 44125

216-883-2100 office
216-883-2112 fax
1-888-430-SALE

## ADDENDUM TO PURCHASE AGGREEMENT

The following provisions are part of the OFFER TO PURCHASE between
PAMELA LIESKE (Purchaser)
and FRANCIS KOBIAK AND KATHY KOBIAK (Seller)
for property located at 4925 PARWAY DR.
(STREET ADDRESS)
in the City of GARFIELD HTS. , Ohio.
With offer dated MAY 16, 2002.

The undersigned Purchaser and Seller hereby agree to the following:

① SELLER TO COMPLY WITH THE CITY POINT OF SALE.

② SELLER TO GIVE ALLOWANCE OF 3,500.00 FOR A NEW FURNACE AND A/C UNIT. DUE AT CLOSING

③ [crossed out / illegible]

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned OFFER TO PURCHASE.

Date: 5-16-02    Date: 5/18/02
Purchaser: Pamela Lieske    Seller: Francis Koblak
Purchaser: _____    Seller: Kathryn A. Koblak

Exhibit B

## STATE OF OHIO
## DEPARTMENT OF COMMERCE

### RESIDENTIAL PROPERTY DISCLOSURE FORM

Pursuant to Ohio Revised Code Section 5302.30
TO BE COMPLETED BY OWNER (Please Print)

Property Address: **4925 PARKWAY DR.**
**GARFIELD HTS, OH 44125**

Owners Name(s): **FRANCIS KOBLAK**

Date: **JAN 3, 2002**

Owner ☐ is ☐ is not occupying the property.     If owner is occupying the property, since what date? _____

**Purpose of Disclosure Form:** This is a statement of the condition of the property and of information concerning the property actually known by the owner as required by Ohio Revised Code Section 5302.30. Unless otherwise advised in writing by the owner, the owner, other than having lived at or owning the property, possesses no greater knowledge than that which would be obtained by a careful inspection of the property by a potential purchaser. Unless otherwise advised, owner has not conducted any inspection of generally inaccessible areas of the property. THIS STATEMENT IS NOT A WARRANTY OF ANY KIND BY THE OWNER OR BY ANY AGENT OR SUBAGENT REPRESENTING THE OWNER OF THE PROPERTY. THIS STATEMENT IS NOT A SUBSTITUTE FOR ANY INSPECTIONS. POTENTIAL PURCHASERS ARE ENCOURAGED TO OBTAIN THEIR OWN PROFESSIONAL INSPECTION.

**Owner's Statement:** The representations contained on this form are made by the owner and are not the representations of the owner's agent or subagent. This form and the representations contained in it are provided by the owner exclusively to potential purchasers in a transfer made by the owner, and are not made to purchasers in any subsequent transfers. The information contained in this disclosure form does not limit the obligations of the owner to disclose an item of information that is required by any other statute or law to be disclosed in the transfer of residential real estate.

**Instructions to Owner:** (1) Answer ALL questions. (2) Identify any material matters in the property that are actually known. (3) Attach additional pages with your signature if additional space is needed. (4) Complete this form yourself. (5) If some items do not apply to your property, write NA (not applicable). If the item to be disclosed is not within your actual knowledge, indicate UNKNOWN.

### THE FOLLOWING STATEMENTS OF THE OWNER ARE BASED ON OWNER'S ACTUAL KNOWLEDGE

A) **WATER SUPPLY:** The source of water supply to the property is (check appropriate boxes):
☒ Public Water Service  ☐ Private Water Service  ☐ Well  ☐ Holding Tank
☐ Cistern  ☐ Spring  ☐ Pond  ☐ Unknown
☐ Other _____

If owner knows of any current leaks, backups or other material problems with the water supply system or quality of the water, please describe: **NO**

B) **SEWER SYSTEM:** The nature of the sanitary sewer system servicing the property is (check appropriate boxes):
☒ Public Sewer  ☐ Private Sewer  ☐ Septic Tank  ☐ Leach Field
☐ Aeration Tank  ☐ Filtration Bed  ☐ Unknown
☐ Other _____

If not a public or private sewer, date of last inspection _____

If owner knows of any current leaks, backups or other material problems with the sewer system servicing the property, please describe: **NO**

C) **ROOF:** Do you know of any current leaks or other material problems with the roof or rain gutters? ☐ Yes ☒ No
If "yes", please describe: _____

If owner knows of any leaks or other material problems with the roof or rain gutters since owning the property (but not longer

Page 1 of 3

This form is licensed for use with **Formulator** Forms Software by ISG, Inc. 800-336-1027

than the past 5 years) please describe and indicate any repairs completed: **No**

D) **BASEMENT/CRAWL SPACE:** Do you know of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space? ☐ Yes ☒ No

If "yes", please describe: _____

If owner knows of any repairs, alterations or modifications to the property or other attempts to control any water or dampness problems in the basement or crawl space since owning the property (but not longer than the past 5 years) please describe: We had problems with water back up until they cleaned the roots out of city sewer two blocks haven't had a problem

E) **STRUCTURAL COMPONENTS (FOUNDATION, FLOORS, INTERIOR AND EXTERIOR WALLS):** Do you know of any movement, shifting, deterioration, material cracks (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls? ☐ Yes ☒ No

If "yes", please describe: _____

If you know of any repairs, alterations or modifications to control the cause or effect of any problem identified above, since owning the property (but not longer than the past 5 years) please describe: _____

F) **MECHANICAL SYSTEMS:** Do you know of any current problems or defects with the mechanical systems? ☐ Yes ☐ No

If "Yes", please describe: _____

For purposes of this section, mechanical systems include electrical, plumbing (pipes), central heating and air conditioning, sump pump, fireplace/chimney, lawn sprinkler, water softener, security systems, central vacuum, or other mechanical systems that exist on the property.

G) **WOOD BORING INSECTS/TERMITES:** Do you know of the presence of any wood boring insects/termites in or on the property or any existing damage to the property caused by wood boring insects/termites? ☐ Yes ☒ No

If "Yes", please describe: _____

If owner knows of any inspection or treatment for wood boring insects/termites, since owning the property (but not longer than the past 5 years) please describe: No

H) **PRESENCE OF HAZARDOUS MATERIALS:** Do you have actual knowledge of the presence of any of the below identified hazardous materials on the property?

| | YES | NO | UNKNOWN |
|---|---|---|---|
| 1) Lead-Based Paint | ☐ | ☒ | ☒ |
| 2) Asbestos | ☐ | ☒ | ☒ |
| 3) Urea-Formaldehyde Foam Insulation | ☐ | ☒ | ☒ |
| 4) Radon Gas | ☐ | ☐ | ☒ |
| 4a) If "YES", indicate level of Gas if known | | | |
| 5) Other toxic substances | ☐ | ☐ | ☐ |
| 5a) If "YES", specify substance | | | |

If the answer to any of the above questions is "Yes", please describe: _____

I) DRAINAGE: Do you know of any current flooding, drainage, settling or grading problems affecting the property?
☐ Yes  ☒ No

If "Yes", please describe: _____

If owner knows of any repairs, modifications or alterations to the property or other attempts to control any flooding, drainage, settling or grading problems since owning the property (but not longer than the past 5 years) please describe: _____

J) CODE VIOLATIONS: Have you received notice of any building or housing code violations currently affecting the use of the property? ☐ Yes  ☒ No

If "Yes", please describe: _____

K) UNDERGROUND STORAGE TANK/WELLS: Do you know of any underground storage tanks, oil or natural gas wells (plugged or unplugged), or abandoned water wells on the property (but not longer than the past 5 years) please describe:
No

L) OTHER KNOWN MATERIAL DEFECTS: The following are other known material defects currently in or on the property:
No

For purposes of this section, material defects would include any non-observable physical condition existing on the property that could be dangerous to anyone occupying the property or any non-observable physical condition that would inhibit a person's use of the property.

---

Owner represents that the statements contained in this form are made in good faith based on his/her actual knowledge as of the date signed by the Owner.

OWNER: *Francis Koblak*  DATE: 01-03-02

OWNER: *Kathryn A. Koblak*  DATE: 01-03-02

### RECEIPT AND ACKNOWLEDGMENT OF POTENTIAL PURCHASERS

Potential purchasers are advised that the owner has no obligation to update this form but may do so according to Revised Code Section 5302.30(G). Pursuant to the Ohio Revised Code Section 5302.30(K), if this form is not provided to you prior to the time you enter into a purchase contract for the property, you may rescind the purchase contract by delivering a signed and dated document of rescission to Owner or Owner's agent, provided the document of rescission is delivered prior to all three of the following dates: 1) the date of the closing; 2) 30 days after the Owner accepted your offer; and 3) within 3 business days following your receipt or your agent's receipt of this form or an amendment of this form.

W/E ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE FORM AND UNDERSTAND THAT THE STATEMENTS ARE MADE BASED ON THE OWNER'S ACTUAL KNOWLEDGE AS OF THE DATE SIGNED BY THE OWNER.

My/Our signature below does not constitute approval of any disclosed condition as represented herein by the owner.

PURCHASER: *Pamela Kieski*  DATE: 5-16-02

PURCHASER: _____  DATE: _____

Exhibit C

# John M. Gundy, Jr., Ltd.

**Attorney at Law**

30100 Chagrin Boulevard • Suite 301
Pepper Pike, Ohio 44124
(216) 292-9750
Facsimile: (216) 595-2787

February 9th, 2004

Francis D. Koblak
Kathryn A. Rolfe
206 Tilley Ave.
Centralia, WA 98531

Re: 4925 Parkway Drive, Garfield Heights, Ohio

Dear Mr. Koblak and Ms. Rolfe:

Please be advised that I have been retained by Pam Lieske regarding her purchase of your home. In the Residential Property Disclosure Form you indicated that there were no problems with the sewer system and that the basement once had a water problem but it was corrected when the city cleaned the roots out of the sewer. The cities records on this issue show that the house had ongoing water problems through 2001 and that the problem was never permanently corrected.

Three of your neighbors, Linda Stutzman, Terri Denninger and Alisa Martin have confirmed that the house and backyard flooded repeatedly. Dirt was placed in the northern property line to limit the flooding.

Shortly after taking possession of the house it flooded causing damage to my clients personal belongings. My client has paid $5,900 in repairs for this problem. She has estimates for an additional $10,909 in estimated repairs. Additionally she has lost hundreds of dollars in personal property and spent countless hours working to repair these longstanding problems that you were required by law to disclose. I have enclosed the cities report on this house, the Disclosure Form and the estimates. Please call me to discuss a resolution of this issue immediately. If we can not resolve this amicably I will be forced to seek redress through the Court of Common Pleas in Cuyahoga County.

Sincerely Yours,

John M. Gundy Jr.

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

'04 JUN 22 A 11: 57

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

PAM LIESKE )
4925 PARKWAY DRIVE )
GARFIELD HTS., OHIO 44125 ) CASE NO.:
        Plaintiff )

Judge: WILLIAM J COYNE

vs                                  CV 04 534272

Francis D. Koblak
206 Tilley Ave. )
Centralia, WA 98531 )
           )
     and ) COMPLAINT
Kathryn A. Rolfe )
AKA Kathryn A. Koblak )
206 Tilley Ave. )
Centralia, WA 98531 )
        Defendant )
           )

Now comes, Plaintiff though and by her attorney state her cause of action:

1. Plaintiff purchased a home on or about June 28, 2002 located at 4925 Parkway Drive in the city of Garfield Hts. State of Ohio 44125.

2. Plaintiff, relied upon a Residential Property Disclosure Form in purchasing this property.

3. Defendants indicated in the Residential Property Disclosure Form that there were no problems with the sewer system, and that the basement once had a water problem which was corrected.

4. Garfield Heights maintenance records indicate that the house had ongoing water problems through 2001 and that the problem was never permanently corrected.

5. Since purchasing the house the backyard and basement have flooded repeatedly.

6. Plaintiff states that these floods have damaged her personal belongings, and decreased the value of the property, and had she known of these problems she would not have purchase the home or paid significantly less for the property.

7. Defendants are liable to Plaintiff for the damages she has suffered as a result of their failure to disclose these known problems on the Residential Property Disclosure forms and for the verbal assurances given to Plaintiff.

WHEREFORE, Plaintiff prays for a judgment against the Defendants jointly and severally in the amount of Twenty Thousand dollar ($20,000.00) together with interest, costs and such further relief as this court deems just.

Respectfully submitted,

John M. Gundy, (#60148)
30100 Chagrin Blvd.
Pepper Pike Ohio 44124

Exhibit E

# INCIDENT REPORT FORM

| LOCATION | WARD | DATE | INCIDENT NUMBER |
|---|---|---|---|
| 4925 Parkway Dr | | 5/10/03 | I- 2734 |

**PE OF INCIDENT:**
- ☐ Debris
- ☐ Litter
- ☐ Streetlight Out
- ☐ Water Breaks
- Broken Curb  ☐ Exterior Maintenance  ☐ Refuse/Trash  ☐ Traffic Signal Out  ☐ Weeds/Grass
- Broken Sidewalk  ☐ Hole in Street  ☐ Rodent  ☐ Traffic Sign Down  Other: _____
- Dead Animal  ☐ Ice/Snow  ☐ Sewers  ☐ Trees

**MMENTS:** Sewer   Truck #41 Novelty Streight

**IDENT REPORTED BY:**
ME: Liesky
DRESS: 4925 Parkway Dr
PHONE: _____

**INCIDENT TAKEN BY:** R.L.

**ERRED TO:**
- ☐ Building  ☐ Finance  ☐ Nutrition  ☐ Safety
- Animal Control  ☐ Engineer  ☐ Law  ☐ Parks  ☐ Service
- Architect  ☐ Executive  ☐ Legislative  ☐ Recreation  ☐ Other

**DESIGNATED TO:** C. Neal

**TION TAKEN:** Snaked 45' from inside - Nothing
**E INCIDENT RESOLVED:** Main need to be Jetted X Pass Liesky
DATE 5/10/03

## DEPARTMENT COPY

| | | | | | | |
|---|---|---|---|---|---|---|
| 4925 | PARKWAY | BLOCKED SEWER | TO ST/HS 75' OUT | AUGUST | 17, | 1999 |
| 4925 | PARKWAY | BLOCKED SEWER | 50' TO ST/HS OUT | FEBRUAR | 17, | 1999 |
| 4925 | PARKWAY | BLOCKED SEWER | 45' NOTHING ON CUTTER | AUGSUT | 08, | 2000 |
| 4925 | PARKWAY | BLOCKED SEWER | 45' PAPER OUT | AUGUST | 16, | 2000 |
| 4925 | PARKWAY | BLOCKED SEWER | 75' | DECEMB | 09, | 2000 |
| 4925 | PARKWAY | BLOCKED SEWER | 60' NOTHING ON CUTTER/CALL | FEBRUAR | 18, | 2001 |
| 4925 | PARKWAY | BLOCKED SEWER/TV | BELLY/DOWN SPOUTS | JANUARY | 19, | 2001 |
| 4925 | PARKWAY | BLOCKED SEWER | FROM HENIA COURT AND PARK | JANUARY | 24, | 2001 |

*Monday, May 12, 2003*

Page 1 of 1



Exhibit F

COMMISSIONERS
Jimmy Dimora
Peter Lawson Jones
Tim McCormack

September 26, 2003

Ms. Pam Litski
4925 Parkway Ave.
Garfield Heights, Ohio 44125

Ms. Litski,

     This letter outlines the service that was performed by the Cuyahoga County Sanitary Engineers Sewer Maintenance Department at your residence at 4925 Parkway, Garfield Heights.

The City Engineer, Bob Tomesak has asked that our department inspect your storm sewer system. The recent flooding you have experienced along with the fact that your sanitary lateral has a backflow preventer installed on it, leads us to believe that the reasons for the flooding in your home is because of the storm sewer system. In order for us to check the storm system we will have to locate the storm lateral.

     On August 26th and 27th 2003, after excavating the property, our construction crew uncovered a 6" storm lateral coming from the front of the house. This lateral appears to have been installed too deep for the connection on the city main storm sewer. The installers of this line bypassed this problem by connecting the foundation and storm drains from the left side of the house into the sanitary lateral. The right side storm drains are tied in properly.

This improper connection of the storm sewer is a contributing factor in the flooding in the basement and also contributes to the overloading of the sanitary mainlines.

Respectfully submitted,


Mr. John P. Neff  *JPN*
Maintenance Manager


Department of Development, Sanitary Engineering Division, 6100 W. Canal Road, Valley View, Ohio 44125
(216) 443-8237, FAX (216) 443-8086, Ohio Relay Service 711



*Exhibit G*

Mike Behory
Berea Contractors
6410 Columbia Road
Olmsted Township, OH 44138

John Gundy, Attorney
30100 Chagrin, Suite 301
Pepper Pike, OH 44124

21 February 2005

Dear Mr. Gundy:

As the owner of Berea Contractors, I have repaired water and drainage problems on numerous houses over the last twenty years, and consider myself an expert in the field.

I am very familiar with the flooding and drainage problems at 4925 Parkway Drive in Garfield Heights, Ohio and have examined the house at least five times. I first examined the house and spoke with Ms. Lieske in July 2003, after the installation of drain tile in the backyard and the second flooding of her basement. At that time I told her that it was my opinion that combined sanitary and sewer lines were likely the root cause of her problems and the reason why the drain tile did not correct the flooding. I next spoke with her after the city engineer visited her house and refused to acknowledge the possibility of combined sanitary and storm lines on her property.

I was also present when the Garfield Heights Service Department first discovered combined sanitary and storm lines with video cameras and again when the county unclogged two storm laterals from the front and southwest corner of the house. In September my company removed footer tile out of the sanitary line near the foundation, installed a new storm line from the left side of the house that connected to the opening left by the county, and installed a sump pump in the basement. Ms. Lieske is aware that additional work to separate sanitary and storm lines needs to be done on the north side of the house (garage and patio area), and she has estimates for this work.

It is my professional opinion that the complexity of water problems at Ms. Lieske's house (standing water in backyard, basement flooding, sewer back-up) are long-standing and have occurred over many years, even decades. My examination of, and work on the house, attest to this fact.

Sincerely,

Mike Behory
Berea Contractors

| B 104 (Rev. 8/87) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Pam Lieske<br>4925 Parkway Drive<br>Garfield Hts, OH 44125 | DEFENDANTS<br>Francis O. Koblak<br>Kathryn A. Koblak<br>aka Kathryn A. Rolfe<br>206 Tilley Ave.<br>Centralia, WA 98531 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)<br>Marc A. Wheeler<br>107 N. Tower Ste 17<br>Centralia, WA 98531<br>(360) 623-1009 |

**PARTY** (Check one box only)  • 1 U.S. PLAINTIFF  • 2 U.S. DEFENDANT  X • 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 USC §523
Determine Dischargeability of Debt

### NATURE OF SUIT
(Check the one most appropriate box only.)

- 454 To Recover Money or Property
- 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- 424 To object or to revoke a discharge 11 U.S.C. §727
- 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- X 426 To determine the dischargeability of a debt 11 U.S.C. §523
- 434 To obtain an injunction or other equitable relief
- 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- 459 To determine a claim or cause of action removed to a bankruptcy court
- 498 Other (specify)

**ORIGIN OF Proceeding** (Check one box only.)  X • 1 Original Proceeding or Reopened  • 2 Removed from Another  • 4 Reinstated  • 5 Transferred PROCEEDINGS Bankruptcy Court  Proceeding • CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ 23 | OTHER RELIEF SOUGHT Dischargeability | • JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Francis O. Koblak Kathryn A. Koblak | BANKRUPTCY CASE NO. 05-43012-PBS |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING Western Washington | DIVISIONAL OFFICE | NAME OF JUDGE Paul B. Snyder |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  X • FEE ATTACHED  • FEE NOT REQUIRED  • FEE IS DEFERRED

| DATE 7-6-05 | PRINT NAME Pam Lieske | SIGNATURE OF ATTORNEY (OR PLAINTIFF) Pam Lieske |
|---|---|---|